**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

JOHN SEELY,                               )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )     Cause No. 1:22-CV-103-HAB
                                          )
JAMES SEELY, et al.,                      )
                                          )
          Defendants.                     )

**OPINION AND ORDER**

Plaintiff filed a twelve-page complaint against several individuals, including an Allen County Magistrate Judge, alleging misconduct in the probate of a will. Defendants Phillip Houk ("Magistrate Houk") and Gregory Pachmayr ("Pachmayr") have moved to dismiss the case on several grounds.[1] Because the Court lacks jurisdiction to hear this dispute, the motion to dismiss will be granted.

## I.     Plaintiff's Allegations

Plaintiff's complaint is not a model of clarity, but the Court believes it has figured out the gist. In late 2015, a case was filed in the Allen County, Indiana, Superior Court to probate the will of Richard Seely. Magistrate Houk was the judicial officer assigned to the case. The will was probated the same day the case was filed.

Almost two years later, Plaintiff filed a petition to docket a trust in the probate case. That petition, as well as a later amended petition, were denied. Plaintiff appealed these decisions to the

---

[1] Nearly one month after the motion to dismiss was filed, Plaintiff filed what he titled a Motion for Summary Judgment for Plaintiff (ECF No. 13). Despite the title, the Court reads this filing as Plaintiff's response to the motion to dismiss. Plaintiff's discussion of Rule 56 is less than a half-page of the eleven-page filing, with the rest addressing the arguments presented in support of the motion to dismiss. Because of this interpretation of the filing, the motion to strike the motion for summary judgment (ECF No. 15) is DENIED.

Indiana Court of Appeals. That appeal was dismissed due to Plaintiff's failure to timely file an appendix. Plaintiff asserts that this dismissal was wrong and that he did file his appendix within the time allotted by the Court of Appeals. In any event, the case was returned to the Allen Superior Court following the dismissal of the appeal.

Plaintiff proceeded to file several documents with the Allen Superior Court, including a motion for de novo review and a motion to correct errors. All motions were denied by Magistrate Houk. Plaintiff again appealed these decisions, and again his appeal was dismissed.

Those are the basic facts and Plaintiff has made a literal federal case out of them. He has asserted several causes of action under 42 U.S.C. § 1983, alleging violations of his 1st and 14th Amendment rights. Specifically, he claims that Magistrate Houk's decisions violated his due process, petition clause, and equal protection rights. He asks the Court to reinstate his first appeal and order that Judge Cale Bradford of the Indiana Court of Appeals recuse himself from the appeal. Finally, he seeks damages of just over $800,000.00 in compensatory and punitive damages, attorney's fees, and costs.

## II.    Legal Discussion

Only the Supreme Court of the United States may review the judgment of a state court in civil litigation. Claims that directly seek to set aside a state-court judgment are de facto appeals and trigger the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016). Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (first citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); then citing *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008)). The *Rooker-Feldman* doctrine prevents lower federal courts

from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced. *Exxon Mobil Corp.*, 544 U.S. at 284. The *Rooker-Feldman* doctrine is jurisdictional, and thus it may be raised at any time by the court. *See 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 (7th Cir. 2000).

The *Rooker-Feldman* doctrine "bars federal claims in two instances. The first involves a plaintiff's request of a federal district court to overturn an adverse state-court judgment. The second, and more difficult instance, involves federal claims that were not raised in state court or do not on their face require review of a state court's decision." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (citing *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004)). In the second case, "*Rooker-Feldman* will act as a jurisdictional bar if those claims are 'inextricably intertwined' with a state court judgment." (*Id.*) (quoting *Taylor*, 374 F.3d at 533). If the suit does not seek to vacate the judgment of the state court and instead seeks damages for independently unlawful conduct, it is not barred by *Rooker-Feldman*. *See Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014).

*Milchtein v. Chisholm*, 880 F.3d 895 (7th Cir. 2018), sets forth the modern view of the doctrine. There, the plaintiffs alleged that Wisconsin state officials discriminated against them based on religion during court proceedings that ended in two of their children being placed in foster care. The district court, believing that it was being asked to rule on the propriety of the state court's actions, dismissed the case on *Rooker-Feldman* grounds. *Id.* at 897.

Recognizing the confusing state of the case law, the Seventh Circuit began its discussion by noting that "[i]t isn't hard to find decisions in this circuit, and elsewhere, that extend the *RookerFeldman* [sic] doctrine to any arguments that were, or could have been, presented in the state suit, even though the federal plaintiffs do not want the state judgment to be changed, by

stating that the arguments are 'inextricably intertwined' with the judgment." *Id*. "More recently, however, the Supreme Court has insisted that the jurisdictional *RookerFeldman* [sic] doctrine be distinguished from principles of issue and claim preclusion." *Id*. As a result, the Seventh Circuit determined that "[t]he vital question . . . is whether the federal plaintiff seeks the alteration of a state court's judgment." *Id*. at 898. Because the plaintiffs did not seek an alteration of the state-court order, the Seventh Circuit concluded that *Rooker-Feldman* did not apply. *Id*.

For all the case citations and legalese in the complaint, it is little more than an attempt to alter the state court's judgment. Plaintiff expressly asks this Court to reinstate his state court appeal. (ECF No. 1 at 12). This is the definition of seeking to alter a state court judgment. The "vital question" that must be asked in any *Rooker-Feldman* case can be answered in the affirmative here.

Plaintiff challenges this conclusion by arguing that constitutional claims are outside the scope of *Rooker-Feldman*. (ECF No. 13 at 3-5). This is wrong. "A plaintiff may not circumvent the effect of the *Rooker-Feldman* doctrine simply by casting [a] complaint in the form of a federal civil rights action." *Maples Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999). Additionally, "[t]he reason a litigant gives for contesting the state-court's decision cannot endow a federal district court with authority . . ." *Iqbal v. Patel*, 780 F.3d 728, 730–731 (7th Cir. 2015). Plaintiff's alleged constitutional injuries flow from the state court's orders and rulings in the probate proceedings and subsequent appeals. Reviewing these orders to consider whether they violated the Plaintiff's constitutional rights is barred by the *Rooker-Feldman* doctrine. "[C]onstitutional claims that are 'inextricably intertwined' with the state-court judgments of necessity call upon the district court to review the state-court decision and are thus beyond the district court's jurisdiction."

*Edwards v. Ill. Bd. Of Admissions to Bar*, 261 F.3d 723 (7th Cir. 2001) (citing *Young v. Murphy*, 90 F.3d 1225, 1231 (7th Cir. 1996)).

Finally, the Court "must then determine whether the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings." *Taylor*, 374 F.3d at 533–34 (internal quotation marks omitted). In the context of *Rooker-Feldman*, "factors independent of the actions of the opposing parties" may preclude a reasonable opportunity and claims are not barred if the state court inhibited adjudication or if a state law prevented the plaintiff from raising it in state court. *See Brokaw v. Weaver*, 305 F.3d 660, 667–68 (7th Cir. 2002) (citing *Long v. Shorebank Dev. Corp*., 182 F.3d 548, 556 (7th Cir. 1999)).

Plaintiff claims that he "never had the opportunity to raise the issue (of a State actor or actors acting without jurisdiction) in state court proceedings." (ECF No. 13 at 3). The Court cannot agree. Plaintiff did raise his argument that Magistrate Houk acted without jurisdiction, and those arguments were rejected. (ECF No. 11-3). Plaintiff could have raised the same issues with the Indiana Court of Appeals had he not been procedurally defaulted. Because Plaintiff had to opportunity to, and in fact did, raise the jurisdictional issues he raises here, *Rooker-Feldman* applies.

## III.   Conclusion

For these reasons, the motion to dismiss (ECF No. 11) is GRANTED. Plaintiff's motion for summary judgment (ECF No. 13), motion for service of summons and complaint (ECF No. 14), and Motion for Change of Venue and Jurisdiction (ECF No. 16) are DENIED AS MOOT. Defendants' motion to strike (ECF No. 15) is DENIED. This matter is dismissed for lack of jurisdiction.

SO ORDERED on July 20, 2022.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT