UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOHN SEELY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:22-CV-103-HAB |
| JAMES SEELY, et al., | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff, dissatisfied with the outcome of a state court probate matter, filed a civil rights suit in this Court. That suit was dismissed by this Court on *Rooker-Feldman* grounds. Rather than appeal the Court's decision, Plaintiff has filed a Motion to Alter and Amend (ECF No. 22)[1]. Because the Motion raises no manifest error of law, it will be denied.[2]

Plaintiff moves for relief under Fed. R. Civ. P. 59(e). The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard,

---

[1] The text of the Motion suggests that a Memorandum in Support was being tendered as an exhibit to the Motion. (ECF No. 22 at 2). No such memorandum was ever filed.
[2] This Opinion and Order incorporates, by reference, the July 20, 2022, Opinion and Order dismissing the case.

misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier. *Id*. Nor can the motion be used to rehash old arguments. *In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992).

Insults and invectives aside, the Motion hinges on the argument that Magistrate Houk's orders in the probate matter were made without jurisdiction, making them a legal nullity, and leaving nothing for Plaintiff to relitigate here. (ECF No. 22 at 3). Plaintiff argues that "[a] State court judgment issued by a State actor without jurisdiction isn't a State court judgment described by *Andrade* [v. City of Hammond], 9 F.4th 947 [(7th Cir. 2021)]. (*Id*.). Thus, because there is no state court judgment to relitigate, *Rooker-Feldman* does not apply.

Plaintiff gets an A for effort, but this argument does little more than beg the question. The argument has a false premise, rejected multiple times by state court judges in the probate action: that Magistrate Houk acted beyond his statutory authority, rendering his decisions a nullity. Plaintiff's premise is a legal conclusion that the Court can disregard on a motion to dismiss. *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). The Court has reviewed Plaintiff's complaint and has no reason, based on the well-pleaded facts, to believe that this premise is true. Without its foundation of extra-jurisdictional orders, Plaintiff's rhetorical house of cards collapses.

That said, the suggestion that Magistrate Houk issued orders outside of his jurisdiction only emphasizes the applicability of *Rooker-Feldman* to this case. The only way the Court could conclude that Magistrate Houk acted without jurisdiction would be for the Court to review his state court judgments. But this is exactly what *Rooker-Feldman* prohibits: "no matter how wrong a state

court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it." *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 873 F.3d 736, 742 (7th Cir. 2016). The Court can no more review a state court judgment because it was entered without jurisdiction than it could because it conflicted with fact or law. Both are prohibited. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923) (refusing to hear challenge to a state court judgment based on the "mistaken characterization" that it was entered without jurisdiction).

Plaintiff believes that *Andrade* saves his suit, but the Court fails to see how. In *Andrade*, the plaintiff was cited for code violations. The citation was set for hearing before the local Board of Public Works and Safety ("Board"). Before the hearing, the plaintiff served a subpoena on the city's Chief of Inspections, but the subpoena was ignored. The hearing was held, and the Board upheld the citations and ordered the plaintiff to remedy the code violations. A state trial court, the Indiana appellate courts, and the United States Supreme Court either affirmed the Board or refused to hear the case. *Andrade*, 9 F.4th at 949.

The plaintiff then filed a federal suit under 42 U.S.C. § 1983, alleging that the city, the Board, and various officials conspired to violate plaintiff's rights by lying before the Board, refusing to comply with the subpoena, and restricting subsidized housing. The defendants moved to dismiss, citing the *Rooker-Feldman* doctrine. The district court agreed and dismissed the complaint. *Id*.

The Seventh Circuit reversed. The reversal was not, contrary to Plaintiff's protestations, because the suit was brought under § 1983. Instead, the Seventh Circuit concluded that the suit was not "inextricably intertwined" with a state court judgment because the complained-of conduct occurred before any judicial proceeding. *Id*. at 950. The claim, then, "could exist even without *any* state-court judgment." *Id*. at 951 (original emphasis). Because the plaintiff's claim could be

3

separated from the state court judgment, the Seventh Circuit found that the *Rooker-Feldman* doctrine did not apply.

Plaintiff's case is easily distinguished from *Andrade*. All of Plaintiff's complaints relate to the state court probate action and related appeals. He raises three constitutional claims—14th Amendment due process and discrimination claims and a 1st Amendment petition clause claim—all arising out of his allegation that Magistrate Houk acted without jurisdiction. (ECF No. 1 at 3-7). Plaintiff raises three "federal questions," all alleging that Magistrate Houk acted without jurisdiction. (*Id*. at 7). Together with monetary damages, Plaintiff asks the Court to reinstate Plaintiff's state court appeal and, somehow, grant a motion filed in that appeal. (*Id*. at 12). There is, quite simply, nothing outside the probate action that undergirds this suit. Thus, there is "no way for the injury complained of by the plaintiff to be separated from the state court judgment." *Andrade*, 9 F.4th at 950.

If Magistrate Houk acted outside his jurisdiction, Plaintiff's recourse was through the Indiana Court of Appeals, the Indiana Supreme Court, or the United States Supreme Court. This Court cannot review Magistrate Houk's decisions under any theory, as its jurisdiction is "strictly original." *Rooker*, 263 U.S. at 416. Because the *Rooker-Feldman* doctrine prohibits this Court from hearing Plaintiff's case, the Court's order dismissing the case was not a manifest error of law or fact.

For these reasons, Plaintiff's Motion to Alter and Amend (ECF No. 22) is DENIED.

SO ORDERED on August 24, 2022.

                                              s/ Holly A. Brady
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT